**Sana Ullah BHATTI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Department of Justice, Office of Immigration Review, Respondents.**

No. 06–0923–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Sana Ullah Bhatti, New York, NY, pro se.

Colm F. Connolly, United States Attorney; Douglas E. McCann, Assistant United States Attorney, Wilmington, DE, for Respondents.

**SUMMARY ORDER**

Petitioner Sana Ullah Bhatti, a native and citizen of Pakistan, seeks review of a February 1, 2006 order of the BIA denying a motion to reopen proceedings and reconsider its November 16, 2005 decision. *In re Sana Ullah Bhatti*, No. A 95 961 960 (B.I.A. Feb. 1, 2006). The BIA's November 2005 decision affirmed the April 16, 2004 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Sana Ullah Bhatti*, No. A 95 961 960

(B.I.A. Nov. 16, 2005); *aff'g* No. A 77 341 687 (Immig. Ct. N.Y. City, Sept. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Bhatti has failed to challenge the BIA's determination that he was statutorily barred from applying for adjustment of status, relief that otherwise may have been available once his labor certification was adjudicated. Because Bhatti fails to raise this issue in his petition for review, any challenge to the resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal"). Likewise, to the extent that Bhatti intended to move to reopen in order to reapply for asylum based on the October 2005 earthquake in Pakistan, he failed to challenge the BIA's denial of this claim. Thus, it is also deemed waived. *Id.*

In addition, while Bhatti appears to challenge the BIA's November 16, 2005 decision affirming the IJ's denial of his application for relief, he failed to file a petition for review of the underlying BIA order within thirty days of entry of that order. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006); 8 U.S.C. § 1252(b)(1). Even liberally construing the *pro se* brief to argue that the BIA erred in its decision to deny his motion, the BIA did not abuse its discretion in denying his motion. The BIA's denial of the motion was appropriate, given that it accurately noted that Bhatti did not specify any errors of fact or law in its November 16, 2005 decision, but instead restated the arguments made on direct appeal to the BIA. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). Thus, the BIA properly denied Bhatti's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.